<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JULES KENNEDY,<br><br>                    Plaintiff,<br><br>          v.<br><br>CFG HEALTH NETWORKS,<br><br>                    Defendant. | Civil Action No. 26-5637 (GC)<br><br>**<u>MEMORANDUM & ORDER</u>** |

**<u>CASTNER, District Judge</u>**

Plaintiff, a pretrial detainee incarcerated at the Camden County Correctional Facility in Camden, New Jersey, has submitted a *pro se* complaint (Complaint).  (ECF No. 1.)  Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") (Application to Proceed IFP).  (ECF No. 1-1.)

Leave to proceed without prepayment of fees is authorized.  *See* 28 U.S.C. § 1915.  This case is subject to *sua sponte* screening by the Court, and the Complaint will be screened in due course.

**IT IS**, therefore, on this <u>2nd</u> day of July, 2026, **ORDERED** as follows:

**ORDERED** that the Application to Proceed IFP (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall mark the Complaint (ECF No. 1) as deemed filed; and it is further

**ORDERED** that **SUMMONS SHALL NOT ISSUE** at this time as this Court's *sua sponte* screening of Plaintiff's Complaint has not yet been completed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk of the Clerk shall serve a copy of this Memorandum and Order by regular mail upon the Attorney General of the State of New Jersey and the Warden of the Camden County Correctional Facility; and it is further

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Complaint to proceed; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Memorandum and Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the PLRA provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding

2

month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

_____
**GEORGETTE CASTNER**
**United States District Judge**